**FILED**

**June 17, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:45 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | | |
|---|---|---|---|
| Buster Barrett | ) | Docket Nos. | 2015-06-0186 |
| | ) | | 2015-06-0188 |
| v. | ) | | 2015-06-0189 |
| | ) | | |
| Lithko Contracting, Inc., et al. | ) | State File Nos. | 78378-2014 |
| | ) | | 24788-2015 |
| | ) | | 24789-2015 |
| | ) | | |
| Appeal from the Court of Workers' | ) | | |
| Compensation Claims | ) | | |
| Joshua D. Baker, Judge | ) | | |

---

### Affirmed and Remanded - Filed June 17, 2016

---

The employee, a concrete finisher with supervisory responsibilities, suffered injuries to his shoulder, hip, and back as a result of an incident involving a pressurized hose used to pour concrete. He was subsequently terminated for safety and quality concerns unrelated to the incident for which he seeks benefits. Following an expedited hearing, the trial court awarded medical benefits and denied temporary disability benefits based on a finding that the employee was terminated for cause. The employee has appealed the denial of temporary disability benefits. The sole issue on appeal is whether the evidence preponderates against the trial court's conclusion that the employee did not present sufficient evidence at the expedited hearing to show he is likely to prevail at a hearing on the merits regarding the basis for his termination and, therefore, was not entitled to temporary disability benefits. We affirm the trial court's decision and remand the case.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Jill Draughon, Nashville, Tennessee, for the employee-appellant, Buster Barrett

John Barringer, Nashville, Tennessee, for the employer-appellee, Lithko Contracting, Inc., and Ace American Insurance/Gallagher Bassett Services, Inc.

Wm. Ritchie Pigue, Nashville, Tennessee, for the employer-appellee, Lithko Contracting, Inc., and Travelers Insurance Company

1

**Factual and Procedural Background**

Buster Barrett ("Employee"), a resident of Robertson County, Tennessee, suffered injuries to his back, hip, and shoulder on August 27, 2014, while employed by Lithko Contracting, Inc. ("Employer"). On that date, Employee was supervising a crew of workers pouring concrete when the worker operating the hose dispensing wet concrete was splashed in the face and got concrete in his eyes. The worker dropped the hose and Employee grabbed it to prevent it from hitting him and possibly damaging equipment. At that point, the pump directing the flow of the concrete caused the hose, which weighed at least twenty-five pounds, to jerk and Employee to twist, resulting in his injuries.

Employee did not seek medical treatment and continued to work. Several months later, on January 15, 2015, Employee stepped in an "isolation hole" and aggravated the symptoms in his back.[1] He suffered an additional increase in symptoms on January 21, 2015, when he stepped in a tire rut while walking at a jobsite. He did not request medical treatment after these incidents, and his testimony at the expedited hearing reflects that he believed he could continue working in the supervisory role he had been performing. However, the pain became severe enough that on February 4, 2015, he could no longer delay seeking medical treatment and eventually went to see his treating physician for a separate work-related neck injury. Employee was terminated on February 9, 2015 for safety and quality issues in connection with his supervisory responsibilities.

On September 1, 2014, Employer's workers' compensation insurance carrier changed from Ace American Insurance, administered by Gallagher Bassett Services, Inc., to Travelers Insurance Company. While the parties did not dispute that Employee suffered compensable injuries, the insurance carriers disputed the correct date of injury, resulting in neither carrier providing benefits.

At the expedited hearing, Employer presented the testimony of three witnesses regarding its decision to terminate Employee. These included William Phelps, Employee's supervisor and the operations manager for the Nashville area; Philip Maciula, the manager in charge of safety; and Christopher Dittman, the manager of Employer's Nashville division. These witnesses testified that Employee was in a supervisory position over workers who failed to use proper safety equipment at a jobsite on January 5 and January 20, 2015, resulting in safety violations. While acknowledging that Employee had not received any written disciplinary actions in the past, they asserted Employee had failed to conduct required daily planning and safety meetings and had failed to properly supervise the employees who violated safety rules.

---

[1] It appears from the record that an "isolation hole" is an area around a column or vertical support into which concrete is poured separately from the rest of the floor.

Employer's witnesses also testified regarding various quality concerns related to several projects under Employee's supervision. As a result of poor quality, Employer had to redo and/or repair certain aspects of the work, thereby suffering monetary losses associated with substandard work. Employer's witnesses testified that, despite having had no quality or safety complaints regarding Employee prior to the incidents described at the expedited hearing, the problems with his job performance in 2014 and 2015 made it difficult for Employer to rely on him to supervise and complete projects consistent with the company's expectations. Thus, his employment was terminated.

Employee offered a different perspective on the reason for his termination, observing that in the nearly twenty years he worked for Employer, he had not been disciplined for safety or quality issues. According to Employee, it was only after he reported the August 27, 2014 work injury that Employer began to find fault with his job performance. With respect to the individual instances of safety violations described by Employer at the hearing, Employee denied fault in each. Regarding the January 5, 2015 safety violation, Employee testified that he was not the only supervisor at the jobsite that day and that he was not the supervisor who conducted the meeting that morning regarding expectations for the job. Concerning the January 20, 2015 safety violation, Employee testified that he had merely stopped by the jobsite to drop off equipment and left to meet another worker at a different jobsite. Employer's witnesses indicated they were unaware that Employee had to be at a different jobsite but that, even so, compliance with safety regulations fell within the supervisory duties of Employee at that time.

In addition to the safety violations, Employee testified regarding the issues Employer raised as to the quality of the work. Employer took issue with the quality of the work at several different sites, and Employee responded that, regarding one location, he was working at a different jobsite on the date the poor quality work was performed. Regarding another location, Employee testified that a piece of equipment had broken and another had to be relocated from another site, taking time and resulting in the poor quality product. Employee also testified that the quality control complaints raised by Employer were impacted by weather conditions outside his control, as well as defective equipment.

Following an expedited hearing, the trial court found that the date of injury was August 27, 2014, that Employee was entitled to medical benefits, and that Ace American Insurance was responsible for the payment of those benefits. These findings have not been challenged on appeal. The trial court also ruled that Employee was not entitled to temporary disability benefits because he had been terminated for cause. Employee has appealed that determination.

**Standard of Review**

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a

3

presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

Employee argues the evidence preponderates against the trial court's conclusion that he was terminated for cause. Accordingly, he asserts the trial court's finding on that issue should be reversed and temporary disability benefits should be awarded. We disagree.

As the name implies, an injured worker is entitled to temporary partial disability benefits, a category of vocational disability distinct from temporary total disability, when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2015). Specifically, while temporary total disability refers to the employee's condition while completely unable to work because of the injury until the worker recovers as far as the nature of the injury permits, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

However, even though an employee has a work-related injury for which temporary benefits are payable, the employer is entitled to enforce workplace rules. *See Carter v. First Source Furniture Grp.*, 92 S.W.3d 367, 368 (Tenn. 2002). Thus, an employee's termination due to a violation of a workplace rule may relieve an employer of its obligation to pay temporary disability benefits if the termination was related to the workplace violation. *See Marvin Windows of Tenn., Inc. v. Gardner*, No. W2011-01479-WC-R3-WC, 2012 Tenn. LEXIS 403, at *9 (Tenn. Workers' Comp. Panel June 8, 2012). When confronted with such a case, courts must "consider the employer's need to enforce

4

workplace rules and the reasonableness of the contested rules." *Id.* at \*10. An employer will not be penalized for enforcing a policy if the court determines "(1) that the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations; and (2) that those actions were, as a factual matter, the true motivation for the dismissal." *Durham v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00708-WC-R3-WC, 2009 Tenn. LEXIS 3, at \*9 (Tenn. Workers' Comp. Panel Jan. 5, 2009).

In this case, it is undisputed that Employee worked until his termination on February 9, 2015, and that he had been under restrictions being accommodated by Employer. After hearing the testimony of Employee and Employer's three witnesses, the trial court concluded:

> While the timing of his termination raised some question as to motive, the testimony from Mr. Dittman and Mr. Phelps demonstrated [Employer] had a valid reason for his firing. Mr. Phelps testified [Employer] was concerned with what it regarded as [Employee's] lax attitude toward safety issues, performance, and job quality issues. Mr. Dittman corroborated this testimony when he stated: "It was our inability to appropriately plan—plan the work and do it in a safe manner and do it with quality, and our inability to do a DPP on a daily basis that would address all of the issues that we were having on an ongoing manner." Though not completely supportive, the totality of the evidence tended to support this testimony by showing [Employee] failed to conduct regular safety and planning meetings and was in a supervisory role when two serious safety violations occurred. Additionally, [Employer] pointed to concerns about work quality and cost overruns. While all were not directly attributable to [Employee's] work, at least some of the quality and cost issues were.

Consequently, the trial court found that Employee was terminated for cause and, therefore, was not entitled to temporary disability benefits.

The testimony presented by the parties was conflicting, and the trial court had to resolve those conflicts. After careful consideration of the record, we cannot conclude that the evidence preponderates against the trial court's decision. The trial judge heard the testimony and found Employer had presented sufficient evidence that it had good cause to terminate Employee for reasons unrelated to his work injuries. *See Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008) (When the trial court has seen and heard the witnesses, considerable deference must be afforded the trial court's factual findings.). There is insufficient evidence to disturb that conclusion. Accordingly, we affirm the trial court's determination that Employee was terminated for cause and the resulting denial of temporary disability benefits.

Before concluding, we note that Employer and Travelers Insurance Company, the insurer as of September 1, 2014, argue that Employee's "request" for an interlocutory appeal "should be denied." They assert that the denial of temporary disability benefits is not dispositive of the entire claim and "until the entire case is decided, no interlocutory appeal is justified."

Traditionally, a party seeking to appeal a pretrial determination of a trial court in a workers' compensation case was required to file an application for permission to appeal, and the appellate court would then decide whether to grant or deny review. *See* Tenn. R. App. P. 9 and 10. Thus, the appeal was discretionary, as opposed to an appeal as of right. The Reform Act of 2013 changed this. Now, a party seeking to challenge a trial court's rulings prior to trial must file a notice of appeal, which Employee in this case did, and assuming the appeal is properly perfected, we must resolve the appeal. *See* Tenn. Code Ann. § 50-6-217(a)(2)(A) (2015). In other words, an interlocutory appeal to this Board is an appeal as of right. Thus, contrary to Employer's assertion, there is no "request" for an appeal for us to deny.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

Marshall L. Davidson, III
Presiding Judge
Workers' Compensation Appeals Board

6

**FILED**

**June 17, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:45 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Buster Barrett | ) | Docket No.  2015-06-0186 |
| | ) | State File No.  78378-2014 |
| v. | ) | |
| | ) | Docket No.  2015-06-0188 |
| Lithko Contracting, Inc., et al. | ) | State File No.  24788-2015 |
| | ) | |
| | ) | Docket No.  2015-06-0189 |
| Appeal from the Court of Workers' | ) | State File No.  24789-2015 |
| Compensation Claims | ) | |
| Joshua Davis Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of June, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Jill Draughon** | | | | | X | jdraughon@hughesandcoleman.com |
| **John Barringer** | | | | | X | jbarringer@manierherod.com |
| **Wm. Ritchie Pigue** | | | | | X | rpigue@tpmblaw.com |
| **Patrick Ruth** | | | | | X | patrick.ruth@tn.gov |
| **Joshua Davis Baker, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov